IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JAMES WEST, IN EX REL FOR TARIQ
EL-SHABAZZ BEY ON BEHALF OF Z-S-B, A MINOR            PLAINTIFF

v.                                              CIVIL NO. 1:15cv416-HSO-JCG

SINGING RIVER HOSPITAL AND
STATE OF MISSISSIPPI
VITAL STATISTICS OFFICE                                  DEFENDANTS

### ORDER DISMISSING PLAINTIFF'S COMPLAINT [1] AND AMENDED COMPLAINT [5] WITHOUT PREJUDICE

This matter is before the Court on its June 28, 2016, Order [20] granting Plaintiff James West ("Plaintiff") until July 15, 2016, to "properly serve" Defendants and to file the proper proofs of service, and on United States Magistrate Judge John C. Gargiulo's July 20, 2016, Order to Show Cause [21], on or before August 3, 2016, why Plaintiff failed to comply with this Court's Order [20]. Order [20] at 1-5; Order to Show Cause [21] at 1-3. Plaintiff was cautioned that if he failed to properly serve Defendants Singing River Hospital and State of Mississippi Vital Statistics Office within the time allowed, his case may be dismissed by this Court sua sponte. Order [20] at 1-5; Order to Show Cause [21] at 1-3.

On August 3, 2016, Plaintiff filed a Response to Order to Show Cause [22] in which he once again asserts that since Defendants are aware of the lawsuit, that should be sufficient to satisfy service. In the alternative, Plaintiff seeks "clarification of what is acceptable to satisfy process." Response [22] at 1-2. Whether a defendant is aware of a lawsuit does not relieve a plaintiff from effecting service of process in compliance with Federal Rule of Civil Procedure 4. *See*

*Thrasher v. City of Amarillo*, 709 F.3d 509, 512-13 (5th Cir. 2013) (citing *Systems Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013-14 (5th Cir. 1990)). Additionally, "[a] litigant's pro se status neither excuses his failure to effect service nor excuses him for lack of knowledge of the Rules of Civil Procedure." *Thrasher*, 709 F.3d at 512.  Plaintiff has failed to have Summonses issued for either Defendant, nor has Plaintiff shown good cause for his failure to do so.  *See* Order [20] at 3-5.

After due consideration of the record and all relevant legal authority, the Court finds that Plaintiff's Complaint [1], filed December 16, 2015, and Amended Complaint [5], filed December 23, 2015, should be dismissed without prejudice pursuant to Rule 4(m).  Federal Rule of Civil Procedure 4(m)[1] provides in relevant part that:

> [i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the Plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).  Two hundred thirty-eight days have elapsed since Plaintiff filed his Complaint and two hundred thirty-one days have elapsed since Plaintiff filed his Amended Complaint.  Plaintiff has failed to properly serve either Defendant, nor has he made any effort to demonstrate good cause for his failure to

---

[1] While this matter has been pending, Federal Rule of Civil Procedure 4(m) has been amended to require that service be accomplished within 90 days.

do so.  The Court will therefore dismiss Plaintiff's Complaint and Amended Complaint without prejudice pursuant to Rule 4(m).  Accordingly,

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff's Complaint [1] and Amended Complaint [5] are **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 10th day of August, 2016.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE